| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>--------------------------------------------------------X<br>URSULA MAYES, CIELO JEAN GIBSON,<br>JOANNA KRUPA, LUCY PINDER, and<br>KATARINA VAN DERHAM,<br><br>                          Plaintiffs,<br><br>   -against-<br><br>490 HABITAT, INC. d/b/a The Oasis<br>Gentlemen's Club and SAMUEL RIPPS,<br><br>                          Defendants.<br>--------------------------------------------------------X | **FILED**<br>**CLERK**<br>4:22 pm, Mar 29, 2019<br>**U.S. DISTRICT COURT**<br>**EASTERN DISTRICT OF NEW YORK**<br>**LONG ISLAND OFFICE**<br><br><br>**ORDER**<br>18-CV-1427 (SJF)(GRB) |

FEUERSTEIN, District Judge:

       Pending before the Court are the objections of plaintiffs Ursula Mayes, Cielo Jean Gibson, Joanna Krupa, Lucy Pinder and Katarina Van Derham (collectively, "plaintiffs") to so much of the Report and Recommendation of the Honorable Gary R. Brown, United States Magistrate Judge, dated March 4, 2019 ("the Report"), as finds: (i) that plaintiffs have failed to establish the liability of defendant 490 Habitat, Inc., d/b/a The Oasis Gentlemen's Club ("Oasis") for deceptive acts and practices under N.Y. Gen. Bus. Law § 349; and (ii) that plaintiffs are not entitled to damages, injunctive relief, attorneys' fees or costs, other than the four hundred dollar ($400.00) filing fee, for Oasis's violation of the Lanham Act and New York Civil Rights Act. For the reasons set forth below, plaintiffs' objections are overruled and the Report is accepted in its entirety.

I.     Discussion

    A.     Standard of Review

       Any party may serve and file written objections to a report and recommendation of a magistrate judge on a dispositive matter within fourteen (14) days after being served with a copy

1

thereof. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Any portion of such a report and recommendation to which a timely objection has been made is reviewed *de novo*. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The court, however, is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985). To accept the report and recommendation of a magistrate judge to which no specific, timely objection has been made, the district judge need only be satisfied that there is no clear error apparent on the face of the record. *See* Fed. R. Civ. P. 72(b); *Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000) (a court may review a report to which no timely objection has been interposed to determine whether the magistrate judge committed "plain error.")

Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

B. Objections

Plaintiffs contend, *inter alia*, that Magistrate Judge Brown erred: (i) in concluding, without holding a formal hearing, that there were "evidentiary issues" concerning their request for damages, attorneys' fees and costs, (Plf. Obj. at 2); (ii) in "failing generally to consider a majority of rulings and orders that are squarely contrary to" *Toth v. 59 Murray Enters., Inc.*, No. 15-cv-8028, 2019 WL 95564 (S.D.N.Y. Jan. 3, 2019), (*id.*); (iii) in recommending dismissal of plaintiffs' N.Y. Gen. Bus. Law § 349 claim based largely on the decision in *Mayes v. Summit Entm't Corp.*, 287 F. Supp. 3d 200 (E.D.N.Y. 2018), although plaintiffs concede that *Mayes*

2

"endorsed the settled 'majority view'" on the issue, (*id.* at 5); (iv) in "refusing to accept the conclusions in [their purported expert's] declaration and report concerning Plaintiffs' damages[,]" (*id.* at 9-10); and (v) in recommending that their claim for injunctive relief be denied. (*Id.* at 22-24).

Upon *de novo* review of the Report, all motion papers and the entire record, and consideration of plaintiffs' objections to the Report, the objections are overruled and the Report is accepted in its entirety. It is within the Court's discretion whether to conduct a hearing before deciding a default judgment motion, *Greathouse v. JHS Sec. Inc.*, 784 F.3d 105, 116 (2d Cir. 2015); *Finkel v. Romanowicz*, 577 F.3d 79, 87 (2d Cir. 2009), and Magistrate Judge Brown providently exercised his discretion in determining the issue of damages based solely on plaintiffs' written submissions. Indeed, plaintiffs never requested a hearing and, in fact, asserted in their declaration in support of their motion that "Rule 55(b)(2) of the Federal rules [sic] 'leaves the decision of whether a hearing is necessary[, for determining damages,] to the discretion of the district court' and 'as long as … there [is] a basis for the damages specified in a default judgment,' the court is not required to hold a hearing."[1] (Declaration of John V. Golaszewski, Esq., ¶ 12) (alterations in original) (quoting *Fustok v. Conticommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989)).

Magistrate Judge Brown was also not required to permit plaintiffs to supplement the record to correct the deficiencies in their proof of attorneys' fees and costs. In addition, Magistrate Judge Brown correctly found, *inter alia*, that the proposed default judgment

---

[1] In addition, the proposed default judgment submitted by plaintiffs: (i) uses the terms "upon application," "upon declaration" and "upon affidavit," as opposed to "upon a hearing;" and (ii) indicates, (A) albeit erroneously, that "the claim is for a sum certain or for a sum which can by computation be made certain," which is the language set forth in Fed. R. Civ. P. 55(b)(1) for the Clerk's entry of a default judgment without a hearing, and (B) that "[t]his judgment is entered by the Clerk at the request of Plaintiffs and upon affidavit that said amount is due, in accordance with Rule 55(b)(1) of the Federal Rules of Civil Procedure." (Docket Entry ["DE"] 12-4).

3

submitted by plaintiffs sought only a money judgment and made no provision for equitable relief, (*see* DE 12-4); and that the many deficiencies in plaintiffs' motion "strongly weigh against the issuance of an equitable remedy." (Report at 15). The Court further agrees, *inter alia*, with Magistrate Judge Brown's reliance on *Toth* and *Mayes*, as well as his rejection of plaintiffs' purported expert's opinion.

There being no clear error on the face of the Report with respect to the findings and conclusions of Magistrate Judge Brown to which no specific objections are interposed, those branches of the Report are accepted in their entirety. Accordingly, for the reasons set forth in the Report, plaintiffs' motion for a default judgment against Oasis pursuant to Rule 55 of the Federal Rules of Civil Procedure is granted to the extent that a default judgment shall be entered against Oasis on the issue of liability with respect to plaintiffs' claims under section 43 of the Lanham Act, 28 U.S.C. § 1125(a)(1) and sections 50-51 of the New York Civil Rights Law, and for costs in the amount of four hundred dollars ($400.00); plaintiffs' motion is otherwise denied and their claims against Oasis pursuant to N.Y. Gen. Bus. Law § 349 and for damages, injunctive relief and attorneys' fees are denied and dismissed; and plaintiffs' claims against defendant Samuel Ripp ("Ripp") are dismissed pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.

II.  Conclusion

For the reasons set forth above, plaintiffs' objections are overruled, the Report is accepted in its entirety and, for the reasons set forth in the Report, plaintiffs' motion for a default judgment against Oasis pursuant to Rule 55 of the Federal Rules of Civil Procedure is granted to the extent that a default judgment shall be entered against Oasis on the issue of liability with respect to plaintiffs' claims under section 43 of the Lanham Act, 28 U.S.C. § 1125(a)(1) and

sections 50-51 of the New York Civil Rights Law, and for costs in the amount of four hundred dollars ($400.00); plaintiffs' motion is otherwise denied and their claims against Oasis pursuant to N.Y. Gen. Bus. Law § 349 and for damages, injunctive relief and attorneys' fees are denied and dismissed; and plaintiffs' claims against Ripp are dismissed pursuant to Rule 41(a) of the Federal Rules of Civil Procedure. The Clerk of the Court shall enter judgment in accordance with this Order and close this case.

SO ORDERED.

                 _____/s/_____
                 SANDRA J. FEUERSTEIN
                 United States District Judge

Dated: March 29, 2019
    Central Islip, New York