UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
URSULA MAYES, CIELO JEAN GIBSON,
JOANNA KRUPA, LUCY PINDER and
KATARINA VAN DERHAM,

**FILED**
**CLERK**

2/6/2020 10:13 am

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

                              Plaintiffs,

          -against-

490 HABITAT, INC. d/b/a The Oasis
Gentlemen's Club and SAMUEL RIPPS,

                              Defendants.
---------------------------------------------------------X
FEUERSTEIN, District Judge:

**ORDER**

18-CV-1427 (SJF)

Pending before the Court is the motion of plaintiffs Ursula Mayes, Cielo Jean Gibson,

Joanna Krupa, Lucy Pinder and Katarina Van Derham (collectively, "plaintiffs"): (i) pursuant to

Rule 60(b)(1) and (6) of the Federal Rules of Civil Procedure, seeking to vacate the default

judgment entered against defendant 490 Habitat, Inc. ("Habitat"); and, (ii) upon vacating the

judgment, for leave to amend the complaint pursuant to Rule 15 of the Federal Rules of Civil

Procedure in order to change the defendants to TJS of New York, Inc. ("TJS") and its principal,

Thomas Murray ("Murray"). For the reasons set forth below, plaintiffs' motion is granted to the

extent set forth herein.


I.      Discussion

        A.      Standard of Review

"In the ordinary course, the Federal Rules of Civil Procedure provide that courts 'should

freely give leave' to amend a complaint 'when justice so requires.'" *Williams v. Citigroup Inc.*,

659 F.3d 208, 212 (2d Cir. 2011) (quoting Fed. R. Civ. P. 15(a)(2)). "Where, however, a party

does not seek leave to file an amended complaint until after judgment is entered, Rule 15's

1

liberality must be tempered by considerations of finality." *Williams*, 659 F.3d at 213; *see also*

*Janese v. Fay*, 692 F.3d 221, 229 (2d Cir. 2012) ("[A]mendment of a complaint becomes

significantly more difficult when a plaintiff waits, as the Plaintiffs in this case did, until after

judgment has been entered.")

"As a procedural matter, '[a] party seeking to file an amended complaint postjudgment

must first have the judgment vacated or set aside pursuant to [Rules] 59(e) or 60(b).'" *Williams*,

659 F.3d at 213 (alterations in original) (quoting *Ruotolo v. City of New York*, 514 F.3d 184, 191

(2d Cir. 2008)). "[T]o hold otherwise would enable the liberal amendment policy of Rule 15(a)

to be employed in a way that is contrary to the philosophy favoring finality of judgments and the

expeditious termination of litigation." *Williams*, 659 F.3d at 213 (quoting *Nat'l Petrochem. Co.*

*of Iran v. M/T Stolt Sheaf*, 930 F.2d 240, 245 (2d Cir. 1991)); *accord Janese*, 692 F.3d at 229.

Although the standards developed in this Circuit "for evaluating postjudgment motions

generally place significant emphasis on the value of finality and repose[,] . . considerations of

finality do not always foreclose the possibility of amendment, even when leave to replead is not

sought until after the entry of judgment." *Williams*, 659 F.3d at 213 (quotations, alterations and

citation omitted). "[I]in view of the provision in rule 15(a) that 'leave [to amend] shall be freely

given when justice so requires,' it might be appropriate in a proper case to take into account the

nature of the proposed amendment in deciding whether to vacate the previously entered

judgment." *Ruotolo*, 514 F.3d at 191 (second brackets in original); *accord Williams*, 659 F.3d at

213. Therefore, "postjudgment motions for leave to replead must be evaluated with due regard to

both the value of finality and the policies embodied in Rule 15." *Williams*, 659 F.3d at 213; *see*

*also Bellikoff v. Eaton Vance Corp.*, 481 F.3d 110, 118 (2d Cir. 2007) ("[W]hile Rule 15 plainly

embodies a liberal amendment policy, in the post-judgment setting we must also take into

consideration the competing interest of protecting the finality of judgments and the expeditious termination of litigation." (quotations and citation omitted)).

In *Foman v. Davis*, 371 U.S. 178, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962), the Supreme Court reversed the district court's denial of the petitioner's motion to vacate the judgment in order to allow postjudgment amendment of the complaint to state an alternative theory for recovery, holding, in relevant part:

> "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.' Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules."

*Id.* at 182, 83 S. Ct. 227. Thus, the mere fact that plaintiffs did not seek leave to amend until after judgment was entered does not necessarily constitute "undue delay" sufficient to justify denying a postjudgment motion seeking leave to amend. *See Williams*, 659 F.3d at 214 ("The *Foman* holding cannot be reconciled with the proposition that the liberal spirit of Rule 15 necessarily dissolves as soon as final judgment is entered.")

Plaintiffs move to vacate the default judgment entered against Habitat in this action pursuant to, *inter alia*, Rule 60(b)(1) of the Federal Rules of Civil Procedure, which provides, in relevant part, that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . (1) mistake, inadvertence, surprise, or excusable neglect . . . ."[1] A motion under Rule 60(b) "must be made within a

---

[1] Although plaintiffs also invoke Rule 60(b)(6) of the Federal Rules of Civil Procedure, that provision "is properly invoked only when there are extraordinary circumstances justifying relief, . . . when the judgment may work an

reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Since plaintiffs filed their motion approximately forty-six (46) days after final judgment was entered against Habitat, their motion to vacate is timely under Fed. R. Civ. P. 60(c)(1).

"Rule 60(b) is 'a mechanism for extraordinary judicial relief invoked only if the moving party demonstrates exceptional circumstances.'" *Weiming Chen v. Ying-Jeou Ma*, 595 F. App'x 79, 80 (2d Cir. Feb. 17, 2015) (summary order) (quoting *Ruotolo*, 514 F.3d at 191); *see also Int'l Bhd. of Teamsters*, 247 F.3d at 391 ("A motion for relief from judgment is generally not favored and is properly granted only upon a showing of exceptional circumstances.") "The burden of proof is on the party seeking relief from judgment. . . ." *Int'l Bhd. of Teamsters*, 247 F.3d at 391.

Although "[a] motion to vacate a default judgment is addressed to the sound discretion of the district court[,]" *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005) (quotations and citations omitted); *see also Stevens*, 676 F.3d at 67 ("The decision whether to grant a party's Rule 60(b) motion is committed to the 'sound discretion' of the district court"), the Second Circuit has expressed a strong "preference for resolving disputes on the merits." *Green*, 420 F.3d at 104 (quotations and citation omitted). Moreover, "[t]he Supreme Court has cabined district courts' discretion under Rule 60(b)(1) by identifying four non-exclusive equitable factors that 'determin[e] what sorts of neglect will be considered "excusable." '" *William v. City of New*

---

extreme and undue hardship, . . . and when the asserted grounds for relief are not recognized in clauses (1)–(5) of the Rule." *Nemaizer v. Baker*, 793 F.2d 58, 63 (2d Cir. 1986); *see also United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391-92 (2d Cir. 2001) ("[I]f the reasons offered for relief from judgment can be considered in one of the more specific clauses of Rule 60(b), such reasons will not justify relief under Rule 60(b)(6).") Since Fed. R. Civ. P. 60(b)(6) "applies only when no other subsection is available, grounds for relief may not be mistake, inadvertence, surprise or excusable neglect." *Nemaizer*, 793 F.2d at 63; *see also Stevens v. Miller*, 676 F.3d 62, 67-68 (2d Cir. 2012) ("Rule 60(b)(1) and Rule 60(b)(6) are mutually exclusive, such that any conduct which generally falls under the former cannot stand as a ground for relief under the latter. . . . Where a party's Rule 60(b) motion is premised on grounds fairly classified as mistake, inadvertence, or neglect, relief under Rule 60(b)(6) is foreclosed." (quotations and citations omitted)). Accordingly, plaintiffs have no claim to relief under Fed. R. Civ. P. 60(b)(6). *See, e.g. Genger v. Genger*, 663 F. App'x 44, 51 (2d Cir. Sept. 29, 2016) (summary order).

*York*, 727 F. App'x 30, 31 (2d Cir. June 19, 2018) (summary order) (alteration in original) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993) ("*Pioneer*")). Thus, in determining whether or not there was "excusable neglect" for purposes of Rule 60(b)(1), district courts must consider the following *Pioneer* factors: "(i) The 'danger of prejudice' to the non-moving party; (ii) The 'length of the delay and its potential impact on judicial proceedings'; (iii) The 'reason for the delay, including whether it was within the reasonable control of the movant'; and (iv) '[W]hether the movant acted in good faith.'" *William*, 727 F. App'x at 31-32 (alteration in original) (quoting *Pioneer*, 507 U.S. at 395, 113 S. Ct. 1489).

In the initial complaint filed in this action against Habitat and its principal, plaintiffs alleged, *inter alia*, that "[a]ccording to publicly available records, defendant 490 Habitat is a corporation organized under the laws of the State of New York, has a principle [*sic*] place of business at 490 West Jericho Turnpike, Smithtown, New York, and operates [The Oasis Gentlemen's Club ('Oasis' or the 'Club')] from that location." (Compl., ¶ 14). Accordingly, it appears that plaintiffs' mistake of fact in naming Habitat as a defendant, for allegedly being the owner and operator of Oasis, *i.e.*, the business which purportedly misappropriated and published plaintiffs' images which are the subject of this lawsuit, was nothing more than a negligent or careless mistake based upon "publicly available records." According to plaintiffs, they only learned from an online *Newsday* article, dated May 12, 2019, *i.e.*, after final judgment was entered against Habitat in this case, that TJS was the owner of Oasis, following which they promptly moved to vacate the default judgment entered against Habitat in this action[2].

---

[2] According to the *Newsday* article, and documents filed in the lawsuit to which that article refers, *TJS of New York, Inc. v. Town of Smithtown*, No. 03-CV-4407 (E.D.N.Y.), which was filed on September 5, 2003, TJS has been the owner and operator of Oasis since no later than 2003. However, neither Habitat nor TJS oppose this motion, nor

Furthermore, since Habitat was not, in fact, the owner or operator of Oasis at the time plaintiffs' images were allegedly misappropriated and published, it would be manifestly unjust to permit the default judgment against it to stand. In addition, no party would be prejudiced if the default judgment is vacated, and plaintiffs are granted leave to amend the complaint to change defendants to TJS and Murray, particularly since Habitat was purportedly served by delivering copies of the summons and complaint to its "managing/authorized agent" at 490 West Jericho Turnpike, Smithtown, New York 11787, which is the address of Oasis, on March 30, 2018[3]; and defendant Samuel Ripps ("Ripps") was served by delivering copies of the summons and complaint to a person of suitable age and discretion, and mailing copies thereof to him, at that same address on March 30 and 31, 2018, respectively. (DE 7). Since, according to plaintiffs, TJS was the actual owner and operator of Oasis at that time, it and its principal, Murray, knew or should have known that the action would have been brought against them but for a mistake by plaintiffs concerning the identity of the proper parties.

Moreover, plaintiffs served their motion to vacate and amend the complaint upon both Habitat and TJS by delivering copies of the motion both to a "managing/authorized agent" at the address for Oasis on May 17, 2019, and to the secretary of state as their authorized agent in accordance with N.Y. Bus. Corp. L. § 306, on May 22, 2019. (DE 26 and 27). Neither Habitat nor TJS responded to the motion or otherwise appeared in this case. Accordingly, TJS and Murray would not be prejudiced by vacating the default judgment against Habitat and granting plaintiffs leave to amend the complaint to name them as the proper defendants in this case.

---

submit any evidence indicating that the identity of TJS as the owner and operator of Oasis was readily ascertainable from publicly available records, or otherwise upon reasonable investigation.

[3] Habitat was also served by delivering copies of the summons and complaint to the secretary of state as its authorized agent in accordance with N.Y. Bus. Corp. L. § 306, on May 4, 2018. (Docket Entry ["DE"] 8).

Accordingly, the branches of plaintiffs' motion seeking to vacate the default judgment against Habitat pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure and to amend the complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure are granted; the default judgment entered against Habitat on March 29, 2019 is vacated pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure, but the claims against Habitat are dismissed with prejudice for failure to state a claim for relief[4]; and plaintiffs are granted leave to amend the complaint to change the defendants to TJS and Murray, *provided* that the proposed amended complaint is filed and served upon TJS and Murray **by no later than March 9, 2020**, or they will be deemed to have waived their right to amend the complaint.

II.     Conclusion

For the reasons set forth above, the branches of plaintiffs' motion seeking to vacate the default judgment against Habitat pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure and to amend the complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure are granted; the default judgment entered against Habitat on March 29, 2019 is vacated pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure, but plaintiffs' claims against Habitat are dismissed with prejudice for failure to state a claim for relief; and plaintiffs are granted leave to amend the complaint to change the defendants to TJS and Murray, *provided* that the amended complaint is filed and served upon TJS and Murray **by no later than March 9, 2020**, or plaintiffs will be deemed to have waived their right to amend the complaint. Upon filing of the amended complaint and proof of service thereof in accordance with this Order, the Clerk of the Court shall reopen this case.

---

[4] Plaintiffs do not seek to vacate so much of the final judgment entered in this action as voluntarily dismissed their claims against Ripps pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.

Plaintiffs shall serve a copy of this Order upon Habitat, TJS and Murray and file proof of

such service with the Court.

SO ORDERED.

_____/s/ *Sandra J. Feuerstein*_____
SANDRA J. FEUERSTEIN
United States District Judge

Dated: February 6, 2020
         Central Islip, New York